HENRY MOORE *et al. v.* D. C. THORN *et al.*

(No. 7067)

Submitted March 15, 1932.   Decided March 22, 1932.

*Wm. T. George,* for appellant.
*W. Bruce Talbott,* for appellees.

MAXWELL, JUDGE:

The question involved in this appeal is whether a *bona fide* purchaser will be preferred over general creditors to the extent of cash paid by the purchaser to an insolvent debtor at the time of sale.

In August, 1926, Thorn, after an unsuccessful attempt to convey his personalty to his brother, sold his two horses and a quantity of lumber—variously estimated from 40,000 to 70,000 feet—to Mertie E. Teter. Thorn was insolvent at the time. For the horses she paid Thorn $75.00, and later paid $124.76 on a note given by Thorn and endorsed by one Gibson, between whom there was an understanding that Gibson should have the horses until the note was paid; and

as consideration for the lumber, she paid Thorn $200.00 in cash, cancelled a then existing debt in her favor against him for $625.66, and agreed to market the lumber, pay the landlord for the timber cut, and apply any profits thereon to Thorn's debts. Plaintiffs, creditors of Thorn, instituted their respective suits (consolidated in the trial court), charging that the sale was fraudulent, preferential, and without consideration.

The chancellor decreed the transaction to be a preference in favor of Teter to the extent of her pre-existing debt and set it aside as a preference, and referred the cause to a commissioner in chancery who reported the debts against Thorn, giving to Teter a preference over the general creditors for the amount of cash paid by her in the transaction ($75.00 and $200.00). Upon hearing on the commissioner's report, exceptions being made to the preference, the court decreed that she was not entitled to such preference, and from this decree Teter appealed.

No fraud was shown as against Teter. She was acting in good faith and her purpose was to save loss of her pre-existing debt. The transaction simply violated the law against preference by an insolvent debtor. She was a *bona fide* purchaser, and was entitled to a preference of the cash paid by her, and to participate ratably with other general creditors on her pre-existing debt. The principle of law governing here is established in *Herold* v. *Barlow*, 47 W. Va. 750, 36 S. E. 8. It was error to sustain the exceptions to the commissioner's report in this regard, and the decree is reversed in so far only as it precludes appellant from preference of the actual moneys paid by her in the purchase of the two horses and the lumber, and the cause remanded.

*Reversed in part; remanded.*